# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID ANTONIO RUFFIN,** : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:16-2498 |
| v. : | |
| : | (Judge Mannion) |
| **V. MOONEY,** : | |
| Respondent : | |

## MEMORANDUM

Petitioner, David Antonio Ruffin, an inmate formerly confined in the Retreat State Correctional Institution ("SCI-Retreat"), Hunlock Creek, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Lackawanna County Court of Common Pleas. (Doc. 1, petition). On June 14, 2017, Petitioner completed his sentence and was released from SCI-Retreat. (See Doc. 31, Notice of Suggestion of Mootness). For the reasons set forth below, the petition will be **DISMISSED** as moot.

1

I.  **Background**

On April 6, 2015, Petitioner pled guilty in the Lackawanna County Court of Common Pleas to institutional vandalism, resisting arrest, retail theft, and disorderly conduct - engaging in fighting. See Commonwealth of Pennsylvania v. Ruffin, CP-35-CR-0000023-2015 (criminal docket).

On May 20, 2015, Petitioner was sentenced to an aggregate sentence of eight (8) to thirty (30) months. Id.

On December 20, 2016, Petitioner filed the above captioned petition for writ of habeas corpus, seeking a trial by a jury, an opportunity to hire an attorney and to be released immediately from custody pending trial. (Doc. 1, petition).

On June 14, 2017, Petitioner completed his sentence and was released from confinement. (See Doc. 31 at 4, Notice of Suggestion of Mootness).

II. **Discussion**

The Third Circuit Court of Appeals in Defoy v. McCullough, 393 F.3d 439, 441–442 (3d Cir.2005), stated as follows:

> A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. §2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court

has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631 (1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477; see also Maleng v. Cook, 490 U.S. 488, 492 (1989) (holding that habeas petitioner does not remain "in custody" after the sentence imposed has fully expired merely because of the possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera–Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (holding that prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction.

Once a habeas corpus petitioner is released from custody, a District Court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982); Scott v. Schuylkill FCI, 298 Fed. Appx. 202 (3d Cir. 2008). However, a petition is not moot if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. Lane, supra; Carafas v. Lavalle, 391 U.S. 234 (1968). The

3

relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, §2 of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998); Rendell v. Rumsfeld, 484 F.3d 236, 240–241 (3d Cir. 2007). Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. Spencer, 523 U.S. at 7–8. By contrast, when a challenge to the execution of a sentence that has already been served is at issue, collateral consequences will not be presumed. Spencer, 523 U.S. at 12–14. See also Burkey, 556 F.3d at 148–49 (in habeas action, "[o]nce a sentence has expired ... some continuing injury, also referred to as collateral consequences, must exist for the action to continue.") Thus, the central inquiry is whether it is "likely" that the injuries claimed by the petitioner can be redressed by a favorable judicial decision. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002).

Ruffin's petition for writ of habeas corpus has been rendered moot by virtue of the expiration of his sentence and his release from custody. Aside from seeking his immediate release, Ruffin has not alleged, and the Court cannot discern, any continuing collateral consequences stemming from his release that can be redressed by a favorable judicial decision in this federal habeas proceeding. See Lane, 455 U.S. at 633 ("Since respondents elected

4

only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; ... [t]hrough the mere passage of time, respondents have obtained all the relief that they sought ... no live controversy remains). By failing to demonstrate continuing collateral consequences, Ruffin has failed to satisfy Article III's case-and-controversy requirement. As there is no longer a live case or controversy, the petition for writ of habeas corpus will be dismissed as moot.

### III. <u>Certificate of Appealability</u>.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner's §2254 application is moot. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the Court declines to issue a certificate of appealability.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED** as moot. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 30, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2498-01.wpd